■ In the Matter of NORAYR ABRAHAMIAN, Appellant, v CITY UNIVERSITY OF NEW YORK et al., Respondents.—Determination of the respondent President of the City College of New York, dated August 7, 1989, which, *inter alia,* suspended petitioner from the College until August 15, 1989, is unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78 (transferred to this court by order of Sup Ct, NY County [Francis Pecora, J.], entered Dec. 29, 1989), is dismissed without costs or disbursements.

We find substantial evidence in the record to support the College's determination, as confirmed by the College's President, that petitioner, on May 23, 1988, cheated in connection with a final examination in Physics 208. The largely uncontradicted testimony given by the exam's supervising Professor and a proctor, provided strong circumstantial evidence that petitioner, who had not taken Physics 208 but was appearing to take the exam on an "exemption" exam basis, improperly left the testing room with an exam paper and returned to the classroom during the confusion at the end of the exam. Testimony established that after the examination papers were handed out, a door slammed. The exam's supervising Professor immediately took attendance, checked the students' ID's, stationed a proctor by the classroom door and collected all unused additional exams. Further testimony adduced that no student entered or left the room during the remainder of the exam. Petitioner testified he left the classroom to obtain a calculator and returned 10 to 15 minutes later. The record contains substantial evidence reasonably supporting the conclusion that petitioner cheated on the Physics exam *(see, 300 Gramatan Ave. Assocs. v State Div. of Human Rights,* 45 NY2d 176). As it is arguable that room for choice exists

between the conflicting testimony, the respondent's decision as to which version of events to accept should not be disturbed. *(See, Matter of Stork Rest. v Boland,* 282 NY 256.)

Further, we find no merit to petitioner's procedural objections. The student members of the Hearing Committee were properly selected by the President of the City College pursuant to section 15.3 (G) of the City University's Bylaws. Second, petitioner's claim that the determination was not based upon a majority vote is based on unsupported hearsay. Third, it was proper for the Committee Chairperson to sustain respondent's objections to petitioner's offer of a purported tape recording and transcript of a telephone conversation since there were reasonable grounds to doubt the authenticity of the tape. Finally, the pre-charge and pre-hearing advice from the College's Director of Student Services to the petitioner that a Hearing Committee would find petitioner's story self-serving and without credibility was not indicative of a predetermination of guilt by the College. The context in which the Director of Student Services made the remarks involved the equivalent of a plea negotiation. As such, the Director was merely performing a prosecutorial function pursuant to the City University's Bylaws.

We have considered petitioner's remaining contentions and find them to be without merit. Concur—Rosenberger, J. P., Wallach, Kassal and Smith, JJ.